IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE VAZQUEZ, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| RIVMAR CORPORATION and JESUS MARTINEZ, | ) ) ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Jose Vazquez ("Vazquez") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Rivmar Corporation ("Rivmar") and Jesus Martinez ("Martinez") states as follows:

## SUMMARY OF THE CASE

1. This civil action is brought by Jose Vazquez who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) alleging violations of the Fair Labor Standards Act. It is also brought under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. for violating the overtime requirements of the IMWL.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. The Court has personal jurisdiction over the Defendants.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the Defendants do business in this Judicial District. Defendant, Rivmar, is incorporated in Illinois, and has offices

in Elgin, Illinois and other members of the proposed Collective Class performed services in this Judicial District and overtime violations occurred here.

## FACTS

4.  The Plaintiff worked as a locator, operator, and laborer for Rivmar. He was employed in this capacity beginning in May, 2015 until shortly prior to the filing of this Complaint.

5.  Defendant Rivmar is incorporated in Illinois. Martinez is the owner and president of Rivmar. He controls Rivmar's operations and enacted the illegal pay practices set forth herein.

6.  The non-compliant practices as alleged herein are part of a practice and policy common to a group or "class" of past and present employees. These past and present employees are entitled to receive notice of these proceedings and afforded the opportunity to join their individual claims.

7.  During the course of Plaintiff's employment, Defendants directed Plaintiff to work in excess of 40 hours in individual work weeks and Plaintiff did customarily work in excess of 40 hours in individual work weeks. Plaintiff was not compensated one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

8.  Plaintiff and similarly situated locators, operators, laborers and other non-exempt full time employees typically worked over 40 hours per week and were not compensated with one and one-half times the regular hourly rate of pay for hours worked over 40 per week. Instead, the Defendants would add compensation onto their paychecks labeled "Other" which was, in fact, compensation for hours worked over 40 during a week at their standard pay rate.

9. By way of example, during the June 18-24, 2016 pay period Plaintiff Vazquez worked 63 hours and only received overtime compensation at his standard rate. His pay stub reads 40 hours worked of "Regular" pay at the rate of $25.00 per hour for a total of $1000. (Exhibit 1). However, the pay stub also includes "Other" compensation of $575, which is actually compensation for additional time worked at his standard rate. That week he worked an additional 23 hours. (23 x 25 = 575). As another example, during the June 25-July 1, 2016 pay period, Plaintiff Vazquez worked 62 hours and only received overtime compensation at his standard rate. His pay stub reads 40 hours worked of "Regular" pay at the rate of $25.00 per hour for a total of $1000. (Exhibit 2). However, the pay stub also includes "Other" compensation of $550, which is actually compensation for additional time worked at his standard rate. That week he worked an additional 22 hours. (22 x 25 = 550). For yet another example, during the July 2-8, 2016 pay period, Plaintiff Vazquez worked 56 hours and only received overtime compensation at his standard rate. His pay stub reads 40 hours worked of "Regular" pay at the rate of $25.00 per hour for a total of $1000. (Exhibit 3). However, the pay stub also includes "Other" compensation of $400, which is actually compensation for additional time worked at his standard rate. That week he worked an additional 16 hours. (16 x 25 = 400). These examples are indicative of the Defendants' overtime payment policies for all similarly situated employees. Additionally, the amount of additional hours worked per week can also be found on each pay stub by dividing the "Other" amounts by Vazquez's standard rate of pay.

10. The other locators, operators and laborers who worked for the Defendants were paid for work in excess of 40 hours at their regular rate of pay and without the overtime premium rate. They were paid by having their regular rate included in a line item of "Other" on their paychecks at their regular rate.

11. Other non-exempt similarly situated employees, likewise, were directed to work in excess of 40 hours in individual work weeks by Defendants and did work in excess of 40 hours in individual work weeks but were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours in individual work week.

12. During Vazquez's employment owner and president of Rivmar, Jose Martinez, acknowledged that the Defendants were improperly paying its employees, when Vazquez questioned the overtime policies he was told by Martinez that Rivmar did not pay at the overtime rate but he planned on doing it in the future. The Defendants did not, however, pay employees, including Vazquez, one and one-half of their standard rate for overtime and did not reimburse its employees, including Vazquez, for past overtime that was owed to them.

13. Plaintiff and other similarly situated employees are not exempt from the overtime provisions of the law.

14. Plaintiff was not paid on a salary basis.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

15. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees. ("FLSA Class")

16. All putative members of the collective are similarly situated because, inter alia, they all had similar duties, performed similar tasks; were entitled under the FLSA to be paid one and one-half times their standard rate paid overtime for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendant's unlawful practices and policies.

17. Defendant has encouraged, permitted, and required the Class to work without proper without overtime compensation of one and one-half times their standard rate.

18. Defendant has known that Plaintiff and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendants has operated under a scheme to deny the Plaintiffs and the Class compensation of one and one-half the standard rate for work in excess of 40 hours of the FLSA Class.

19. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

20. Upon information and belief, the Defendants regularly employed 10 similarly situated employees at any given time with regular employee turnover.

## COUNT I—FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

21. Plaintiffs hereby reallege and incorporate paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22. Under the FLSA, Plaintiff and the FLSA Class were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week.

23. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

24. Defendant failed to compensate the FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

25. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

26. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff Jose Vazquez, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant in favor of Plaintiff and others similarly situated on their behalf, for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, the costs of this action, and as follows:

(a) Award all actual damages suffered by Plaintiff and others;

(b) Order the disgorgement of all monies improperly retained or obtained by the Defendant;

(c) Enter an Order declaring that Defendant willfully violated the overtime provisions of the FLSA;

(d) Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA denied them by Defendant's actions;

(e) Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

(f) Award Plaintiff punitive damages;

(g) Award Plaintiff post judgment interest;

(h) Award Plaintiff reasonable attorneys' fees as well as the costs of this action; and

(i) Award such other further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

**COUNT II —VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

27. Plaintiff hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

29. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff and similarly situated employees for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

30. During the 3 years prior to the filing of this Complaint, Plaintiff and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of 40 hours per week by the Defendants but were not compensated for such overtime work.

31. By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

32. As a result of Defendants' policy and practice of withholding overtime compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

(a) A declaratory judgment that Defendant has violated the overtime provisions of the IMWL;

(b) A judgment to Plaintiff in the amount of unpaid overtime;

 (c)  A judgment to Plaintiff of punitive damages as provided by IMWL;

 (d)  A judgment to Plaintiff of reasonable attorney's fees;

 (e)  Costs incurred in filing this action; and

 (f)  Such other and further relief as this Court deems appropriate and just.


Dated September 2, 2016         Respectfully Submitted,

                     /s/ David J. Fish
                     One of the Attorneys for the Plaintiff

David J. Fish
Kim Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400
dfish@fishlawfirm.com

Eduardo J. Gil
THE GIL LAW GROUP
605 N. Broadway
Aurora, IL 60505
T:(630) 906-0144
F: (630) 906-0147